**McMurray v CP V. TS Fulton Owner, LLC**

2024 NY Slip Op 34256(U)

December 3, 2024

Supreme Court, New York County

Docket Number: Index No. 158399/2018

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    __HON. ARLENE P. BLUTH__      PART        14

*Justice*

-------------------------------------------------------------------------------X

KEVIN MCMURRAY, LYNN MCMURRAY,

                Plaintiffs,

- v -

CP V. TS FULTON OWNER, LLC,CARMEL PARTNERS, L.P., GILBANE BUILDING COMPANY, GILBANE RESIDENTIAL CONSTRUCTION, LLC,

                Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158399/2018 |
| MOTION DATE | 11/27/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

CP V. TS FULTON OWNER, LLC, CARMEL PARTNERS, L.P., GILBANE BUILDING COMPANY, GILBANE RESIDENTIAL CONSTRUCTION, LLC

                Plaintiffs,

-against-

HARMON FACADES ULC F/K/A SOTAWALL LIMITED, SOTA GLAZING, INC.

                Defendants.

-------------------------------------------------------------------------------X

Third-Party
Index No. 595962/2022

CP V. TS FULTON OWNER, LLC, CARMEL PARTNERS, L.P., GILBANE BUILDING COMPANY, GILBANE RESIDENTIAL CONSTRUCTION, LLC

                Plaintiffs,

-against-

EMPIRE TRANSPORTATION LTD.

                Defendant.

-------------------------------------------------------------------------------X

Second Third-Party
Index No. 595829/2024

**158399/2018  MCMURRAY, KEVIN vs. CP V. TS FULTON OWNER, LLC**
**Motion No.  004**

**Page 1 of 5**

1 of 5

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 004) 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163 [1]

were read on this motion to/for            REARGUMENT/RECONSIDERATION    .

Defendants' motion to reargue and to renew is denied.

**Background**

In this Labor Law action, this Court previously granted plaintiffs' motion to sever the second third-party action (NYSCEF Doc. No. 125). The Court found that the time to commence an impleader action had long expired and therefore the recent second third-party action commenced in August 2024 should be severed. Part of the Court's reasoning concerned the taking of depositions. The record before the Court showed that defendants agreed to submit an affidavit in lieu of a deposition for the owner defendants in March 2024 but never followed through on this promise despite two subsequent Court orders concerning this affidavit. Accordingly, this Court found that defendants' assertion that a party deposition remained (and therefore severing the second third-party action was inappropriate) was disingenuous.

In other words, the record showed that defendants offered, and plaintiffs agreed to accept, an affidavit concerning the ownership of the property where the accident occurred instead of making all parties expend resources on a deposition. But defendants never actually submitted that affidavit and then attempted to use that failure to oppose a severance motion.

**Discussion**

As an initial matter, the Court denies the branch of the motion that seeks to reargue.

---

[1] The Court did not consider NYSCEF Doc. No. 164, an affirmation in support submitted by second third-party defendant (who did not file the instant motion), as it was submitted after the motion was submitted and therefore plaintiffs did not have a chance to respond.

**158399/2018   MCMURRAY, KEVIN vs. CP V. TS FULTON OWNER, LLC**
**Motion No.  004**

**Page 2 of 5**

2 of 5

With respect to renewal, defendants contend that they worked in good faith to produce an affidavit in lieu of taking a deposition concerning ownership and that due diligence was required. They claim that this type of affidavit should not be produced in "an expedited and haphazardly nature." Defendants even attach a copy of the affidavit, which is dated October 16, 2024 (in compliance with the Court's deadline set forth in the prior decision upon which this motion is based).

Plaintiffs point out that now that the affidavit concerning ownership has been produced, defendants' central argument in opposition to severance (the outstanding party deposition) is moot. They also contend that they have responded to defendant's only other discovery demands and so there is no reason to revisit the Court's decision to sever the second third-party action. Plaintiffs also stress that plaintiff Kevin McMurray attended an IME on November 14, 2024, which further suggests that the Court should deny the instant motion.

In reply, defendants insist that the main action will not be delayed by the second-third party case and speculate that discovery should be done by the next scheduled conference in February 2025.

The Court denies the branch of the motion for renewal. "A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination, and shall contain reasonable justification for the failure to present such facts on the prior motion. A motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Queens Unit Venture, LLC v Tyson Ct. Owners Corp.*, 111 AD3d 552, 552, 975 NYS2d 57 [1st Dept 2013] [internal quotations and citations omitted]).

**158399/2018   MCMURRAY, KEVIN vs. CP V. TS FULTON OWNER, LLC**
**Motion No.  004**

**Page 3 of 5**

3 of 5

The Court observes that the "new facts" would not have changed the Court's prior determination. Defendants' sudden insistence that they had to perform due diligence prior to submitting an affidavit of ownership would not alter the Court's conclusion. The fact is that defendants promised, in an email to plaintiffs' counsel dated March 8, 2024, that defendants would work on getting this affidavit "ASAP" (NYSCEF Doc. No. 109). Defendants simply failed to adequately explain why it took more than seven months to get this affidavit and why defendants ignored multiple court orders directing them to respond to plaintiffs' demand for the affidavit (*see* NYSCEF Doc. Nos. 85 and 89). More curious is the fact that the Court's decision severing the second third-party action also contained a directive that this affidavit be produced and, somehow, defendants were able to submit an affidavit in compliance with the Court's deadline in just over two weeks. Moreover, ownership is typically amongst the first questions posed to a client being sued as the owner of a property where an accident occurred.

And, simply put, nothing alleged in this motion suggests that the Court should modify its conclusion that the deadline to commence an impleader action (which was set at 60 days after depositions in the preliminary conference) began to run in March 2024 and so severance is appropriate where, as here, an impleader action was commenced in August 2024.

The Court observes that recent discovery developments (such as plaintiff Kevin McMurray's appearance for an IME) suggest that the items listed in the prior discovery order (NYSCEF Doc. No. 129) have now been completed. Therefore, the Court cancels the next conference and directs that a note of issue be filed on or before January 15, 2025 (this accounts for the IME report that is likely outstanding from the recent IME on November 14, 2024). If the IME report is not provided before the note of issue is filed, it must be produced within two weeks of defendants' counsel's receipt.

**158399/2018  MCMURRAY, KEVIN vs. CP V. TS FULTON OWNER, LLC**
**Motion No.  004**

**Page 4 of 5**

[* 4]

4 of 5

Accordingly, it is hereby

ORDERED that defendants' motion to reargue and renew is denied.

Next Conference cancelled and Note of Issue due by January 15, 2025.

| 12/3/2024 | | ARLENE P. BLUTH, J.S.C. |
|-----------|---|---------------------------|
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|-------|----------------------|---|
| | | GRANTED | **X** DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**158399/2018   MCMURRAY, KEVIN vs. CP V. TS FULTON OWNER, LLC**
**Motion No.  004**

Page 5 of 5

5 of 5